UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | : Case No. 3:96-cr-00149-RNC-3 |
| | : |
| MICHAEL ALLEN | : |

RULING AND ORDER

Michael Allen moves pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018), for a reduction in his sentence of 322 months' imprisonment. The sentence was imposed in 1998 based on the then-mandatory sentencing guidelines for offenses involving crack cocaine committed by a person who qualified as a career offender under U.S.S.G. § 4B1.1. The First Step Act is a remedial statute that serves to extend reductions in crack cocaine statutory penalties provided by the Fair Sentencing Act of 2010 to persons previously ineligible for a reduction. For reasons that follow, I conclude that Congress, in enacting the First Step Act, intended to give the Court discretion to reduce Mr. Allen's sentence. Exercising that discretion, I reduce the sentence to time served.

I.

Mr. Allen was indicted along with others for participating in a conspiracy to distribute 5 kilograms or more of powder cocaine and 50 grams or more of cocaine base in violation of 21

1

U.S.C. §§ 846 and 841(a)(1) (count one). ECF No. 263-6 at 1-2. He was also charged with carrying a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c) (count four); and unlawfully possessing a firearm in violation of 21 U.S.C. § 924(g)(1) (count five). Id. at 4-5. At the sentencing hearing, I found by a preponderance of the evidence that Mr. Allen's participation in the drug conspiracy made him accountable for distributing 675 grams of crack cocaine. ECF No. 265-1 at 7. Pursuant to the Sentencing Guidelines Drug Quantity Table, 675 grams of crack cocaine produced a base offense level of 36. See U.S.S.G. § 2D1.1(c) (1997). Mr. Allen was found to qualify as a career offender due to two prior state felonies. Under the Guidelines, an individual who has been designated a career offender may be subject to an offense level greater than the otherwise applicable level, depending on the maximum statutory penalty for the offense of conviction. In Mr. Allen's case, the offense statutory maximum was life, see 21 U.S.C. § 841(b)(1)(A)(iii) (2009), which resulted in an increase in his base offense level from 36 to 37. See U.S.S.G. § 4B1.1(b). After a three-level reduction for acceptance of responsibility, see id. § 3E1.1, the total offense level was 34, producing a Guidelines range of 262-327 months. See id. ch. 5 pt. 1. Mr. Allen was sentenced to 262 months on count one (the bottom of the then-mandatory range), a mandatory consecutive

term of 60 months on count four, and a concurrent term of 120 months on count five, for a total effective sentence of 322 months.

II.

The Fair Sentencing Act of 2010 was enacted in response to widespread criticism of the relatively harsh treatment of crack cocaine offenses compared to offenses involving powder cocaine. See Dorsey v. United States, 567 U.S. 260, 268 (2012). The Act raised the threshold quantities of crack required to trigger enhanced penalties under the Controlled Substances Act. Before 2010, a violation involving 50 grams or more of crack was punishable by a term of imprisonment of at least 10 years and as much as life. See 21 U.S.C. § 841(b)(1)(A)(iii) (2009). Section 2 of the Fair Sentencing Act increased the threshold quantity required to support these penalties from 50 to 280 grams. In addition, the quantity required to trigger a statutory penalty of five to forty years' imprisonment was increased from 5 to 28 grams. Pub. L. 111-220, 124 Stat. 2372, 2372 (2010) § 2, (codified at 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii) (2010)).

The Sentencing Commission amended the Guidelines consistent with the new statutory penalties created by the Fair Sentencing Act. See Dorsey, 567 U.S. at 260; U.S.S.G. app. C, amend. 750. The amendment lowered the base offense levels associated with

different quantities of crack cocaine. See id. § 2D1.1 (2011). The Commission made the amendment retroactive. See U.S.S.G. app. C, amend. 759; U.S.S.G. § 1B1.10(c). As a result, more than 7,700 inmates received sentence reductions by October 2014.[1] The Commission then amended the Drug Quantity Table again, further reducing the base offense levels associated with different quantities of crack cocaine. See U.S.S.G. app. C, amend. 782.

These amendments to the Guidelines did not benefit all persons who had been sentenced for offenses involving crack cocaine prior to 2010. Pertinent to Mr. Allen's case, the amendments did not provide relief to a person designated as a career offender whose final offense level was dictated by the maximum statutory penalty applicable to his or her offense. See id. § 4B1.1; see also United States v. Mock, 612 F.3d 133, 135 (2d Cir. 2010) ("[D]efendant was sentenced as a career offender under U.S.S.G. § 4B1.1. Consequently, . . . he is ineligible for a reduction in sentence based on the crack cocaine amendments." (emphasis omitted)). The issue presented here is whether the First Step Act has given courts authority to grant

---

[1] See U.S. Sentencing Commission, Final Crack Retroactivity Data Report Fair Sentencing Act at 2-4 (Dec. 2014), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/fair-sentencing-act/Final_USSC_Crack_Retro_Data_Report_FSA.pdf.

4

relief to persons in Mr. Allen's situation when warranted.  This a straightforward issue of statutory interpretation.

The pertinent provision, section 404 of the First Step Act, provides: "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  § 404(b), 132 Stat. at 5222.  "[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," and which was committed before the Fair Sentencing Act was enacted.  Id. § 404(a).[2]  A defendant who was sentenced under the Fair Sentencing Act, or whose motion under the First Step Act was previously denied, is not eligible for relief.  Id. § 404(c).  Section 404 further provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  Id.

Mr. Allen argues that his sentence was imposed for a "covered offense" as defined in the First Step Act, and he is therefore eligible for relief, because he was convicted of violating a statute punishing an offense involving 50 grams or

---

[2] Section 3 of the Fair Sentencing Act, which eliminated the mandatory minimum sentences for simple possession, is not relevant here.  See § 3, 124 Stat. at 2372.

5

more of crack cocaine, the penalties for which have been lowered by the Fair Sentencing Act. The government contends that Mr. Allen is not eligible for relief because his offense conduct involved 675 grams of crack cocaine, as found by the Court at the sentencing hearing, and the penalty for an offense involving this quantity has not been reduced. In the government's view, in other words, the drug quantity that matters in determining whether a defendant was sentenced for a "covered offense" within the meaning of the First Step Act is not the statutory quantity in the indictment but the quantity found by the Court at sentencing.[3]

I agree with the defendant's interpretation of section 404. "Under the plain language of [this section], whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated." United States v. Davis, No. 07-CR-245S, 2019 WL 1054554, *3 (W.D.N.Y. Mar. 6, 2019), appeal docketed, No. 19-874 (2d Cir. Apr. 5, 2019). Mr. Allen pleaded guilty to violating a statute applicable to an offense involving 50 grams or more of crack cocaine. The statutory penalty for this offense was modified by the Fair Sentencing Act. As a growing number of courts have concluded, "it is the statute of

---

[3] The parties agree that the other restrictions on eligibility do not apply here. See § 404(c), 132 Stat. at 5222.

6

conviction, not actual conduct, that controls eligibility under the First Step Act." United States v. Martin, No. 03-cr-795, 2019 WL 1558817, at *3 (E.D.N.Y. Apr. 10, 2019) (quoting Davis, 2019 WL 104554, at *2).[4]

The government suggests that the term "violation" in the definition of "covered offense" creates an intrinsic ambiguity because it can be construed to refer to the facts of the defendant's "violation" as found by the Court. To the extent the statutory text is ambiguous, the ambiguity is dispelled by considering the purpose underlying the First Step Act. Both parties agree that no legislative history is available to document the purpose of section 404. It is undisputed, however, that Congress wanted to further the Fair Sentencing Act's objective of mitigating the effects of a sentencing scheme that had a racially disparate impact. See Dorsey, 567 U.S. at 268.

---

[4] See also United States v. Dodd, ---F.Supp.3d---, 3:03-cr-00018-3, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 9, 2019); United States v. Pierre, ---F.Supp.3d---, Cr. No. 07-003 WES, 2019 WL 1495123, at *4-5 (D.R.I. Apr. 5, 2019); United States v. Davis, No. 92-cr-4013 (N.D. Fla. Mar. 6, 2019), ECF No. 2245 at 2, 9; United States v. Glore, ---F.Supp.3d---, No. 99-cr-82-pp, 2019 WL 1060838, at *5-6 (E.D. Wis. Mar. 6, 2019), appeal docketed, No. 19-1663 (7th Cir. Apr. 11, 2019); United States v. Pugh, No. 5:95-cr-145, 2019 WL 1331684, *2 (N.D. Ohio, Mar. 25, 2019); United States v. Vance, Case No. 0:08-cr-60071-WPD (S.D. Fla. Feb. 27, 2019), ECF No. 71 ¶ 11; United States v. Couch, No. 0:08-cr-60236-WP (S.D. Fla. Feb. 26, 2019), ECF No. 42 ¶ 7; United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019); United States v. Allen, 8:00-cr-378 (M.D. Fla. Feb. 19, 2019), ECF Nos. 63, 66.

Given this remedial purpose, the First Step Act should be construed to provide courts with discretion to reduce a sentence when the statute the defendant violated has been modified by the Fair Sentencing Act to provide less severe penalties. E.g., Noel v. N.Y.C. Taxi & Limousine Comm'n, 687 F.3d 63, 68 (2d Cir. 2012). This interpretation of the statute is in keeping with the rule of lenity. See Pierre, 2019 WL 1495123, at *5 (applying rule of lenity to Section 404); see also United States v. Simpson, 319 F.3d 81, 86 (2d Cir. 2002) ("[T]he rule of lenity is generally applicable to the Sentencing Guidelines as well as criminal statutes."); United States v. Fields, 113 F.3d 313, 325 (2d Cir. 1997) ("Simply put, the rule of lenity requires a sentencing court -- when faced with an actual ambiguity over which of two penalties should apply -- to select the lesser penalty.").

In the absence of legislative history, additional guidance can be drawn from the Commission's estimate that 2,660 offenders are eligible for relief under section 404.[5] As the Commission has explained, this estimate includes people like Mr. Allen whose base offense level under the career offender guideline has

---

[5] U.S. Sentencing Commission, Sentence and Prison Estimate Summary: S.756, The First Step Act of 2018 at 1-2 (Dec. 21, 2018), [hereinafter Sentence and Prison Estimate Summary] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/prison-and-sentencing-impact-assessments/January_2019_Impact_Analysis.pdf.

8

been lowered as a result of the Fair Sentencing Act.  See Sentence and Prison Estimate Summary at 2 (noting that the estimated 2,660 encompasses persons incarcerated as of May 26, 2018, "whose sentencing range would be lower under the current version of USSG § 2D1.1 than the version of that guideline in effect on the date they were sentenced, *or who would have a lower sentencing range under USSG § 4B1.1 than the range determined by the court at sentencing (due to a change in the statutory maximum penalty that applied in the case)*." (emphasis added)).

The government's interpretation of section 404 would preclude a court from granting relief when, as in this case, the record contains a judicial finding of a drug quantity of 280 grams or more of crack cocaine based on a preponderance of the evidence.  Today, with limited exception, any fact that enhances a statutory penalty must be proven beyond a reasonable doubt. Alleyne v. United States, 570 U.S. 99, 103 (2013); Apprendi v. New Jersey, 530 U.S. 466, 476 (2000).  While Alleyne and Apprendi do not provide retroactive relief, Congress legislates in the context provided by constitutional principles.  See Rust v. Sullivan, 500 U.S. 173, 191 (1991) ("[W]e assume [that Congress] legislates in light of constitutional limitations."). Construing section 404 in the context provided by Alleyne and Apprendi, courts should reject a reading of the statute that

would preclude eligibility for relief under the First Step Act due to a judicial finding of drug quantity many years ago.

The government has argued elsewhere that the defendant's reading of "covered offense" in section 404 would provide a windfall to inmates whose offense conduct involved 280 grams or more of crack cocaine but who were sentenced before the Fair Sentencing Act, thereby creating an unwarranted sentencing disparity. See Resistance to Motion for Reduction of Sentence Under First Step Act at 5, Dodd, 2019 WL 1529516 (No. 3:03-cr-00018-3), ECF No. 767. The risk identified by the government does not provide a sufficient justification to support a narrow reading of the First Step Act. Construing section 404 to extend eligibility for a sentence reduction to persons whose offense conduct involved 280 grams or more vests courts with discretion to reduce a sentence or decline to do so. See § 404(c), 132 Stat. at 5222. Any potential disparity can be considered in deciding whether to grant a sentence reduction under the First Step Act. See 18 U.S.C. § 3553(a)(6). Accordingly, I conclude that Mr. Allen was sentenced for a "covered offense" within the meaning of the Act and is therefore eligible for a reduction in his sentence.

## III.

The parties dispute whether the First Step Act authorizes a plenary resentencing. Put differently, they dispute whether, in

determining what relief should be granted to Mr. Allen, the Court is confined to considering only the penalties modified by the Fair Sentencing Act and made retroactive by the First Step Act, or should give him the benefit of all changes in applicable law since he was sentenced, including the change mandated by Booker, which rendered the Guidelines advisory rather than mandatory. 543 U.S. at 227. This question need not be resolved here because Mr. Allen is entitled to immediate release based on the Fair Sentencing Act's modification of the statutory maximum penalty applicable to his offense.

If the Fair Sentencing Act had been in effect when Mr. Allen was sentenced in 1998, his statutory offense quantity of 50 grams or more would have carried a maximum sentence of 40 years rather than life, see 21 U.S.C. § 841(b)(1)(B)(iii), so his offense level under the career offender guideline would have been 34 rather than 37. See U.S.S.G. § 4B1.1(b).[6] With a three-level reduction for acceptance of responsibility, his total offense level would have been 31, resulting in a range of 188-235 months on count one, instead of 262-327. See U.S.S.G. Pt. 5. In 1998, I was required to sentence Mr. Allen in accordance

---

[6] While the career offender guideline does not apply if it produces an offense level below the base offense level, Drug Quantity Table Mr. Allen's base offense level would be 30 rather than 36 for conduct involving 675 grams of crack cocaine. See U.S.S.G. §§ 4B1.1(b); 2D1.1(c)(5).

11

with the then-mandatory Guidelines and, in doing so, imposed a sentence on count one at the bottom of the applicable range. Using the new range of 188-235, I similarly find that a sentence at the low end of the range should be imposed now.  Adding the mandatory consecutive term of 60 months on count four results in a total sentence of 248 months.  Because Mr. Allen has already served 252 months, a sentence of time served is appropriate. See U.S.S.G. § 1B1.10(b)(1)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

IV.

Accordingly, the sentence is hereby reduced to time served. The term of supervised release on count one is reduced to 48 months, to run concurrently with the terms of 36 months imposed on count four and 60 months imposed on count five.  All other provisions of the judgment will remain in effect.

So ordered this 26th day of April 2019.

/s/ RNC<br>
Robert N. Chatigny<br>
United States District Judge